IN THE U.S. DISTRICT COURT OF MARYLAND
FOR DISTRICT OF MARYLAND

| | |
|---|---|
| Richard Harrison<br>4103 Ritchie Highway<br>Brooklyn, Maryland 21225 | * <br> * |
| Nikki Estraca<br>106 Mountain Road Apt. 1B<br>Glen Burnie, Maryland 21060 | * <br> * |
| Jennifer Norris<br>7570 Baltimore-Annapolis Blvd.<br>Glen Burnie, Maryland | * <br> * |
| Matthew Marshall<br>111 Pleasant Street<br>Hanover, Pennsylvania 17331 | * <br> * |
| Tyler Walker<br>811 222nd Street<br>Pasadena MD 21122 | * <br> * |
|     Plaintiffs | * |
| v. | *   Case No. _____<br>     JURY TRIAL REQUESTED |
| | * |
| The Office, LLC<br>t/a "The Office Bar & Grill"<br>2801 Mountain Road<br>Pasadena, Maryland 21122 | * <br> * |
| Frank Wayne Kahrs<br>2801 Mountain Road<br>Pasadena, Maryland 21122 | * <br> * |
| Sarah Root<br>2801 Mountain Road<br>Pasadena, Maryland 21122 | * <br> * |
|     Defendants | * <br>/ |

## COMPLAINT

Plaintiffs, Richard Harrison, Nikki Estraca, Jennifer Norris, Matthew Marshall, and Tyler Walker, by and through undersigned counsel, states a complaint against Defendants The Office, LLC (t/a "The Office Bar & Grill"), Frank Wayne Kahrs, and Mrs. Sarah Root (collectively, "Defendants") pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and supplemental state law claims under the Maryland's Wage and Hour Law, Md. Code Ann., Lab. & Empl. 3-401 *et seq* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. 3-501 *et seq.* ("MWPCL"), and demand a jury trial, as follows:

### Introduction

1. This is a civil action for unpaid wages, damages, and relief provided by the FLSA, 29 U.S.C. § 201 *et seq.*, the MWHL, Md. Code Ann., Lab. & Empl. 3-401 *et seq.*, and the MWPCL, Md. Code Ann., Lab. & Empl. 3-501 *et seq.*

2. Plaintiffs seek, in addition to the actual sums owed, liquidated and statutory damages pursuant to the FLSA, MWHL, and MWPCL, and attorneys' fees and costs as provided under the under the FLSA, MWHL, and MWCPL.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 206, 29 U.S.C. § 207, and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over the MWHL and MWPCL claims pursuant to 28 U.S.C. § 1367(a) because said claims are so related to the FLSA claims that they form part of the same case or controversy.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants do business within this judicial district and the events giving rise to these claims occurred in this judicial district.

## Parties

6.  Defendant The Office, LLC, a limited liability corporation formed in the State of Maryland, owns and operates The Office Bar & Grill bar/restaurant in Pasadena, Maryland.

7.  At all times material herein, The Office, LLC had an annual gross volume of sales made or business done in an amount exceeding $500,000.00.

8.  Defendant, The Office, LLC, employs at least two or more employees who are engaged in commerce, and who produce goods for commerce, or handle, sell, or otherwise work on goods or materials that have moved in or were produced for commerce as a single enterprise under the FLSA. For instance, there are employees of the Defendants who unload food and beverage from producers and suppliers who operate in interstate commerce. There are employees, like Plaintiff Harrison and Marshall, who cook, serve, and otherwise handle this food, as well as the beverages, that cross interstate and even international boundaries. There are employees who regularly use wire and electronic means of communicating interstate, including Plaintiffs Estraca and Norris, who also regularly sell food and beverages that has moved in interstate commerce, and who regularly process credit card transactions for customer payments. There are employees who use, in the Defendant's restaurant, cleaning products, dishes, tools, utensils, napkins, menus, signage, among other items, that have moved in interstate commerce. Accordingly, subject matter jurisdiction exists because the Plaintiffs are employed by Defendant The Office, LLC, a covered entity, satisfying the enterprise coverage provisions under the FLSA. Defendant The Office, LLC also satisfies the coverage provisions of the MWHL. As a covered enterprise, Defendant The Office, LLC has at all material times been an "employer" within the meaning of the FLSA, MWHL, and MWPCL.

9. Defendant Frank Wayne Kahrs is, upon information and belief, an officer and owner of Defendant The Office, LLC. Defendant Kahrs is and has been actively engaged in the management and direction of employees, including the Plaintiffs, at The Office Bar & Grill bar/restaurant, including the operation of the bar/restaurant and employee pay matters, has possessed and exercised authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at The Office Bar & Grill, including the Plaintiffs, and has possessed and exercised authority to hire and fire employees, at all material times since the opening of the bar/restaurant. Defendant Kahrs has custody and control of business records and is responsible for maintaining those records. Defendant Kahrs receives income and/or salary from Defendant The Office, LLC. At all times material herein, Defendant Kahrs has been an "employer" within the meaning of the FLSA, MWHL, and MWPCL. Defendant Kahrs is jointly and individually liable for damages to the Plaintiffs, under the FLSA, MWHL, and MWPCL.

10. Defendant Sarah Root is, upon information and belief, the general manager of Defendant The Office, LLC. Defendant Root is and has been actively engaged in the management and direction of employees, including the Plaintiffs, at The Office Bar & Grill bar/restaurant, including the operation of the bar/restaurant and employee pay matters, has possessed and exercised authority and discretion to fix, adjust and determine hours worked and amounts paid with respect to employees at The Office Bar & Grill, including the Plaintiffs, and has possessed and exercised authority to hire and fire employees, at all material times since the opening of the bar/restaurant. Defendant Root shares custody and control of business records with Defendant Kahr and is responsible for maintaining those records. Defendant Root receives income and/or salary from Defendant The Office, LLC. At all times material herein, Defendant Root has been an "employer" within the meaning of the FLSA, MWHL, and MWPCL. Defendant Root is

jointly and individually liable for damages to the Plaintiff, under the FLSA, MWHL, and MWPCL.

11. Plaintiff Richard Harrison worked for the Defendants as an hourly kitchen worker from February 2013 to July 2016. Plaintiff Harrison's hourly wage varied during the course of his employment, but when he worked over 40 hours in a workweek, he never received overtime. Specifically, Plaintiff Harrison would generally work 40-45 hours "on the clock," and additional hours "off the clock," which would be approximately seven additional hours per week, typically spent waiting for a Thursday food delivery, unloading the truck, and putting the goods into proper storage.

12. Plaintiff Estraca worked as a server/bartender for the Defendants from early January to mid-March of 2015. Plaintiff Estraca worked at least 4 shifts (and often 5 shifts) per week. Oftentimes, Plaintiff Estraca would work double shifts, in the event that some other worker called and indicated that they were unavailable for work. Plaintiff Estraca received no hourly or other wage payment from the Defendants for any of her hours of work. On one occasion, Defendant Root advised Plaintiff Estraca that the cash register was allegedly <u>over</u> by $250.00, and demanded that Plaintiff Estraca pay her $250.00 as a penalty. Plaintiff Estraca complied with this unreasonable demand and paid Defendant Root $250.00 from her tipped income.

13. Plaintiff Norris worked for the Defendants from December 2013 through December 2015 as a bartender. Plaintiff Norris routinely worked six days a week, and even double shifts. As a result, Plaintiff Norris worked over 40 hours a week, but was not paid the legally mandated overtime rate for her service. Like Plaintiff Estraca, Plaintiff Norris was forced by Defendant Root to pay for an alleged overage in the cash register in the amount of $50.00.

14. Plaintiff Matthew Marshall worked for the Defendants from October 2014 through June 2016, as both a cook and as a barback. As a cook, Plaintiff Marshall was initially paid $10.00/hour, which was increased to $12.50/hour. As a barback, Plaintiff Marshall would receive tips from servers or bartenders, and would generally receive no compensation from the Defendants for his time unless Plaintiff Marshall specifically asked for it. When Plaintiff Marshall asked for compensation from Defendants (and Defendants agreed to pay it), he would receive a flat rate of $20.00 per shift, paid in cash and not included in any paycheck. Between all of his work for Defendants, Plaintiff Marshall would regularly work over 40 hours each week, and often as much as 55 hours per week, without overtime pay. Plaintiff Marshall's hours as a cook were generally recorded but the time that Plaintiff Marshall spent barbacking went unrecorded and was spent "off-the-clock." Notably, when Plaintiff Marshall worked off the clock as a barback, the Defendants would also require him, from to time to time, to step back into his role as kitchen cook, so that he would be performing both bar back and kitchen cooking duties simultaneously in the same shift, yet his time was not recorded nor did he receive pay as a cook.

15. Plaintiff Tyler Walker worked for the Defendants from March 2014 through August 2016, as a barback. Plaintiff Walker initially worked just on Saturdays, from 4:00 pm to 3:00 am, but his hours increased after two months when he began working both Friday and Saturday night shifts, from 4:00/4:30 pm to 3:00/3:30 am. Beginning in September 2014, Plaintiff Walker worked both Fridays and Saturdays, and Sundays from noon to 6:00 pm. Plaintiff Walker maintained this schedule until January 2015, when he returned to working on Friday and Saturday evenings, except for the occasional shift in which he would fill-in for someone who was unable to post for a shift. This continued until the Summer of 2015, when Plaintiff Walker

returned to working just a Saturday shift. Like Plaintiff Marshall, Plaintiff Walker received tip outs from fellow workers and a small nominal amount per shift from the Defendants.

16. As set forth below, each of the Plaintiffs seek unpaid minimum wages and/or overtime wages, in amounts to be determined based on the evidence.

17. By failing to pay the statutory minimum wage that was due to Plaintiffs Estraca, Norris, Marshall and Walker, Defendants willfully violated very clear and well-established minimum wage provisions of the FLSA. Plaintiffs Estraca, Norris, Marshall and Walker further allege that the Defendants violated the minimum wage provisions of the MWHL. In addition to actual sums owed, Plaintiffs seek liquidated (statutory) damages pursuant to the FLSA, pre-judgment interest on all amounts owed under the MWHL, and three times the minimum wages owed under the MWHL pursuant to the MWPCL, as well as attorneys' fees and costs as provided under the FLSA, the MWHL and MWPCL.

18. By failing to pay overtime wages to Plaintiffs Harrison, Norris and Marshall, Defendants willfully violated very clear and well-established overtime wage provisions of the FLSA. Plaintiffs Harrison, Norris and Marshall further allege that the Defendants violated the overtime wage provisions of the MWHL. In addition to actual overtime sums owed, Plaintiffs seek liquidated (statutory) damages pursuant to the FLSA, pre-judgment interest on all amounts owed under the MWHL, three times the overtime wages owed under the MWHL pursuant to the MWPCL, and attorneys' fees and costs as provided under the FLSA, the MWHL and MWPCL.

## General Allegations

19. As stated above and incorporated herein by reference, Plaintiffs have each been employed by the Defendants within the three years preceding the filing of this lawsuit.

20. Plaintiffs performed manual work and were non-exempt from the minimum wage and

overtime provisions of the FLSA and MWHL.

21. Defendants violated the FLSA, the MWHL, and MWPCL insofar as they:

(a) Failed to inform Plaintiffs Estraca, Norris, Marshall and Walker that they were taking a so-called "tip credit" against Defendant's minimum wage obligations, the amount of the tip credit, or that Plaintiffs Estraca, Norris, Marshall and Walker had the right to retain all tips except in a valid tip pooling arrangements, or any of the other requirements set out by law. See 29 C.F.R. § 531.59(b). Defendants were thereby required, under 29 U.S.C. § 203(m) and Md. Ann. Code LE art. § 3-419, to have paid at least $8.00/hour ($8.25/hour from July 1, 2015 to June 30, 2016 and $8.75/hour from July 1, 2016 to present) for each of the hours worked by these Plaintiffs when they performed tipped work, as opposed to $3.63/hour, the lowest rate possible under Maryland Md. Ann. Code LE art. § 3-419;

(b) Maintained a policy and practice of requiring Plaintiffs Estraca and Norris to pay for business losses, such as reimbursement for tabs caused by customer walk-outs which occurred on a near daily basis, resulting in not just the loss of the ability of the Defendants to take a tip credit, but also resulting in those deductions further driving down the net wage paid to Plaintiffs Estraca and Norris. Defendants also failed to allow Plaintiffs Estraca and Norris to retain all of their tips, by requiring Plaintiffs Estraca and Norris to pay for alleged overages in a cash register.

(c) For at least periods during Plaintiff Estraca, Marshall, and Walker's employment, Plaintiffs Estraca, Marshall and Walker were not paid $3.63/hour, the sub-minimum rate under Maryland Md. Ann. Code LE art. § 3-419, and the lowest rate that an employer must pay to its tipped employees in the State of Maryland in order to claim a tip credit under Maryland law, for tipped work performed by these Plaintiffs; and

(d) Failed to properly pay Plaintiffs Harrison, Marshall and Norris overtime when each such employee worked over forty hours per week, in the amount of 1 ½ times their respective regular rates of pay (as calculated in accordance with U.S. Department of Labor regulations) or the full then-applicable minimum wage (whichever is greater), for overtime hours worked in excess of forty (40) hours per week.

## Causes of Action

### COUNT I
### (FLSA - Failure to Pay Minimum Wage)
### (All Plaintiffs Except Harrison vs. All Defendants)

22. Plaintiffs Estraca, Norris, Marshall and Walker incorporate paragraphs 1-21 as set forth above, and state that Defendants' actions complained of herein constitute a willful violation of 29 U.S.C. § 206 (minimum wage), because Defendants have at all material times failed to pay Plaintiffs Estraca, Norris, Marshall and Walker the proper minimum wage rate, free and clear of deductions and in a timely manner, and otherwise failed to comply with the requirements of 29 U.S.C. § 203(m).

23. As a result, Plaintiffs Estraca, Norris, Marshall and Walker have the legal right to receive the full minimum wage, as required by Federal law and applicable Federal regulations.

### COUNT II
### (FLSA - Failure to Properly Pay Overtime)
### (Plaintiffs Harrison, Norris and Marshall v. All Defendants)

24. Plaintiffs Harrison, Norris and Marshall incorporate paragraphs 1-23, including subparagraphs, as set forth above, and state, in addition, that Defendants' actions complained of herein constitute a violation of Section 207 of the FLSA, because Defendants willfully failed to pay Plaintiffs an overtime wage of at least 1 ½ times the applicable minimum wage of $7.25/hour, or 1 ½ times their regular rate of pay (calculated in accordance with U.S. Department

of Labor regulations), for certain statutory work weeks, and as a result, Plaintiffs Harrison, Estraca, Norris and Marshall have failed to receive overtime pay, as required by Section 207 of the FLSA, 29 U.S.C. § 207.

## COUNT III
### (MWHL - Failure to Pay Minimum Wage)
### (All Plaintiffs Except Harrison vs. All Defendants)

25. Plaintiffs Estraca, Norris, Marshall and Walker incorporate paragraphs 1-24 as set forth above, and state that Defendants' actions complained of herein constitute a violation of Md. Ann. Code LE art. § 3-413 (minimum wage), because Defendants have, at all material times, failed to pay Plaintiffs Estraca, Norris, Marshall and Walker a proper minimum wage rate, free and clear and in a timely manner, and otherwise failed to comply with the requirements of Md. Ann. Code LE art. § 3-419.

26. As a result, Plaintiffs Estraca, Norris, Marshall and Walker have the legal right to receive the full minimum wage, as required by Maryland law and applicable Maryland regulations, for time spent performing tipped work.

## COUNT IV
### (MWHL - Failure to Properly Pay Overtime)
### (Plaintiffs Harrison, Norris and Marshall v. All Defendants)

27. Plaintiffs Harrison, Norris and Marshall incorporate paragraphs 1-26 as set forth above, and state that Defendants have failed and otherwise refused to compensate Plaintiffs Harrison, Norris and Marshall for hours in excess of forty hours in a work week at a rate of not less than one and one-half times their regular rate of pay, as computed under Md. Ann. Code LE art. § 3-420.

28. As a result, Defendants owe Plaintiffs Harrison, Norris and Marshall overtime in the amount of 1 ½ times their respective regular rates of pay or the full minimum wage (whichever is

greater), for all workweeks in which Plaintiffs Harrison, Norris and Marshall worked over 40 hours, since July 1, 2014.

## COUNT V
### (Violation of MWPCL Act – Unpaid Wages)
### (All Plaintiffs vs. All Defendants)

29. Plaintiffs Harrison, Estraca, Norris, Marshall and Walker incorporate paragraphs 1-28 as set forth above, and state that the actions of Defendants, in failing to properly pay the minimum wage under the MWHL to Plaintiffs Estraca, Norris, Marshall and Walker; alternatively, in refusing to allow Plaintiffs Estraca and Norris to retain their tipped wages free and clear; alternatively, in failing to pay Plaintiffs Harrison, Norris, and Marshall overtime wages when earned, are all separate violations of the MWPCL, Md. LE Art. § 3-502(a)(ii) and § 3-505(a).

30. Further, Defendants failed to pay Plaintiff Estraca, Marshall and Tyler a wage of $3.63/hour an hour, and therefore, there is no bona fide dispute that the Defendants are not allowed to take a "tip credit" towards Defendant's minimum wage obligations under Maryland law with respect to Plaintiffs Estraca, Marshall and Tyler.

31. That the MWHL further compels each covered employer and non-exempt employee to make, as part of any working agreement, a promise to pay minimum wages and overtime wages as applicable under the MWHL.

32. That impliedly, by operation of law, Plaintiffs Estraca, Norris, Marshall and Walker were entitled to be paid statutory minimum wages by Defendants (and to the extent applicable, overtime wages under Maryland law as of July 1, 2014 owed to Plaintiffs Harrison, Norris and Marshall), which have not been paid by Defendants.

33. That there are no bona fide disputes between the parties as to the right of the Plaintiffs to receive minimum wages, or, the right to receive overtime payments for work performed after

July 1, 2014. There are also no bona fide disputes between the parties as to the right of Plaintiffs Estraca and Norris to retain their tipped wages and to be paid all lawful wages due arising from their respective employment with Defendants. Defendants knew, or should have known, that The Office Bar & Grill is a covered entity under the MWHL, and that Plaintiffs performed work as employees for which they were not properly compensated.

34. Plaintiffs are thus entitled under MWPCL, Md. LE Art. § 3-507.2 to an award of treble damages and attorneys' fees with respect to the wages, i.e. the MWHL-mandated minimum wages and overtime wages, that have gone unpaid.

### **Prayer**

Based on the foregoing allegations, Plaintiffs respectfully requests that this Court grant money damages in an amount to be determined by the evidence, exclusive of attorney's fees and costs; and in support thereof, requests this Honorable Court to issue the following Orders:

(a) Order Defendants to pay Plaintiffs Estraca, Norris, Marshall and Walker all unpaid minimum wage payments determined by the Court to be due and owing, under the FLSA, MWHL, and MWPCL, as well as a sum of liquidated damages in an amount equal to the amount of any unpaid minimum wage payments awarded to Plaintiffs Estraca, Norris, Marshall and Walker pursuant to the FLSA;

(b) Order Defendants to pay Plaintiffs Harrison, Norris and Marshall all unpaid overtime wage payments determined by the Court to be due and owing, under the FLSA, MWHL, and MWPCL, as well as well as a sum of liquidated damages in an amount equal to the amount of any unpaid overtime wage payments awarded to Plaintiffs Harrison, Norris and Marshall pursuant to the FLSA;

(c) Order Defendants to pay the Plaintiffs an amount equal to triple the amount of unpaid

minimum wages and overtime wages owed each of the Plaintiffs under the MWHL, after an accounting has been performed, as Plaintiffs are entitled to such damages under MWPCL;

(d) Award Plaintiffs their attorneys' fees and costs in pursuing this action;

(e) Award Plaintiffs interest on any sums determined due and owing from Defendants, including pre-judgment interest on attorneys' fees and costs in pursuing this action;

(f) Grant Plaintiffs any additional relief that the Court deems appropriate and just.

Respectfully submitted,

_____/s/_____
Howard B. Hoffman, Esq.
Attorney at Law
Federal Bar No. 25965
600 Jefferson Plaza, Suite 304
Rockville, MD 20852
(301) 251-3752
(301) 251-3753 (fax)

Attorney for Plaintiffs

### Jury Demand

The Plaintiffs, by their attorney, hereby demands a jury trial as to all issues triable by a jury.

*/s/ Howard B. Hoffman*
Howard B. Hoffman