**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

Richard Harrison, et al,                    *

      Plaintiffs,                            *

v.                                          *   Case No.: 17-451-ADC

The Office, LLC, et al.                     *

      Defendants.                           *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**JOINT MOTION FOR APPROVAL OF
FLSA SETTLEMENT AGREEMENT**

Plaintiffs, Richard Harrison ("Harrison"), Matthew Marshall ("Marshall"), Nikki Estraca ("Estraca"), Jennifer Norris ("Norris"), and Tyler Walker ("Walker") (Harrison, Marshall, Estraca, Norris and Walker are collectively referred to as "Plaintiffs") on the one side, together with The Office, LLC d/b/a the Office Bar and Grill ("The Office Bar and Grill") , Sarah Root ("Root") and Frank Kahrs ("Kahrs") (The Office Bar and Grill, Root and Kahrs are collectively referred to as "Defendants"), on the other side, jointly move this Court for an Order granting an approval of a Settlement Agreement reached in this Fair Labor Standards Act ("FLSA") action.[1]

In support of the foregoing, the parties submit the following:

1.    Within three years preceding the filing of this lawsuit, the five Plaintiffs alleged that they worked at various times and in various capacities at the "Office Bar & Grill," located

---

[1]    Plaintiffs also brought supplemental claims under the Maryland Wage/Hour Law, Md. Ann. Code § 3-401 et seq. ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Ann. Code § 3-501 et seq. ("MWPCL"). As discussed in ¶ 11, *infra*, there is a requirement that FLSA settlements be supervised by the Court or by the U.S. Department of Labor. However, there is no corresponding requirement that settlements for MWHL or MWPCL be judicially approved. Therefore, the focus on this Motion is on the FLSA claims brought by the Plaintiffs, as that claim is the only claim that requires judicial approval.

in Pasadena, Maryland.

2.    Three of the Plaintiffs (Estraca, Walker and Norris) alleged that they were not paid minimum wages and overtime for their work, and all of the Plaintiffs (except for Walker) alleged unpaid overtime.

3.    After filing an Answer to this lawsuit, counsel for the Defendants and Plaintiff engaged in written discovery, which included available hour of work and payroll records four of the five workers (the exception by Plaintiff Walker, whom Defendants denied in employing).[2]

4.    Plaintiffs' counsel then had Elana Schulman, CPA/CFE,[3] calculate unpaid wages, including liquidated damages under the FLSA (and additional damages under the Maryland Wage Payment and Collection Law ("MWPCL"). Those calculations are attached as Exhibit 1 to this Motion.[4]

5.    Plaintiffs' counsel then presented Defendants with an uncompromised demand of three times Plaintiffs' respective calculations.  After additional negotiations, Defendants agreed to pay the Plaintiffs two times (2x) the amounts allegedly sought by the Plaintiffs, representing compensation for wages and liquidated damages under the FLSA. Aside from the Plaintiffs' agreeing to seek less than three times (3x) their unpaid wages,[5] the only technical compromise involves the timing of the payments and the right of the Defendants to pay all settlement monies due, in three installments, no later than December 15, 2017.

---

[2]    Prior to reaching a settlement, the parties were on the verge of depositions that would have increased the amount of time and expense in this case.

[3]    Certified Public Accountant / Certified Fraud Examiner

[4]    The calculations are submitted to the Court to establish the historical fact that the calculations were performed, and from those calculations, the amounts allegedly owed to the Plaintiffs. Defendants do not agree that the Plaintiffs' calculations are necessarily accurate.

[5]    *See* footnote 1.  The FLSA only allows for compensatory damages and liquidated (double) damages. There is no right under the FLSA to seek 3x unpaid wages.  That demand was made pursuant to MWPCL. However, settlements of claims arising under the MWPCL need not be judicially approved.

6. As per the attached Settlement Agreement (Exh. 2), Plaintiff Harrison will recover $7,416.62, which is 2x the amount of unpaid overtime alleged by Plaintiff Harrison, see Exh. 1.

7. As per the attached Settlement Agreement (Exh. 2), Plaintiff Marshall will recover $4,763.48, which is 2x the amount of unpaid overtime alleged by Plaintiff Marshall, see Exh. 1.

8. As per the attached Settlement Agreement (Exh. 2), Plaintiff Estraca will recover $6,752.00 which is 2x the amount of unpaid overtime alleged by Plaintiff Estraca, see Exh. 1.

9. As per the attached Settlement Agreement (Exh. 2), Plaintiff Norris will recover $11,924.00, which is 2x the amount of unpaid overtime alleged by Plaintiff Norris, see Exh. 1.

10. As per the attached Settlement Agreement (Exh. 2), Plaintiff Walker will recover $20,510.00, which is 2x the amount of unpaid overtime alleged by Plaintiff Walker, see Exh. 1.

11. Generally speaking, "[u]nder the FLSA, 'there is a judicial prohibition against the unsupervised waiver or settlement of claims.' " *Kianpour v. Restaurant Zon, Inc., et al.*, DKC 11-0802, 2011 WL 5375082, *2 (D. Md. Nov. 4, 2011) (*quoting Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007)). "Nevertheless, '[c]laims for FLSA violations can … be settled when the settlement is supervised by the [Department of Labor] or a court.' " Id. (*quoting Taylor*, 415 F.3d at 374 (alterations in original); *see also Gionfriddo et al. v. Jason Zink, LLC, et al.*, RDB 09-1733, 2011 WL 2791136, *2 (D. Md. July 15, 2011) ("Settlement agreements that resolve claims pursuant to the FLSA must receive court approval."). In general, Courts review FLSA settlements to ensure a fair and reasonable resolution of a bona fide dispute. *Duprey v. Scotts Co. LLC,* No. PWG-13-3496, 2014 WL 2174751, at *2 (D. Md. May 23, 2014). Although the Fourth Circuit has not directly addressed the factors to be

considered in approving FLSA settlements, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit" in *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). *Saman v. LBDP, Inc.*, No. DKC–12–1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (citing *Hoffman v. First Student, Inc.*, No. WDQ–06–1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D.Md.2010)). The settlement must 'reflect[ ] a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions,' which includes a finding with regard to (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey*, 2014 WL 2174751 at *2 (*citing Saman*, 2013 WL 2949047 at *3). *See also Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08–1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko–Me, LLC*, No. DKC–10–2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011)). "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.' " *Duprey* at *2 (*citing Lynn's Food Stores*, 679 F.2d at 1354).

12.     However, neither the Fourth Circuit nor any Judge in this District has addressed the issue of what review is necessary where, as here, the parties agree that the settlement represents full relief under the FLSA. The parties submit that when an employee is receiving full compensation under the FLSA, a lesser degree of judicial scrutiny is required. *Silva v. Miller*, 307 Fed.Appx. 349, *2 (11th Cir. 2009) ("We do not say what, if any, judicial oversight applies under *Lynn's Food* when full satisfaction of the FLSA is made"); *Crooms v. Lakewood Nursing Cntr., Inc.*, 2008 WL 398933, *1 (M.D. Fla. 2008) ("When the defendant represents

that it has offered the plaintiff at least full compensation of his claim, and the plaintiff has not disputed that representation, the case does not involve a compromise and there is no need for judicial scrutiny."); *Mackenzie v. Kindred Hospitals East, LLC*, 276 F.Supp.2d 1211, 1217 (M.D. Fla. 2003). The Court's approval process is complete so long as the Court is satisfied that an FLSA Plaintiff is receiving full relief.

13.     The parties represent that full and complete relief is being made with respect to Plaintiffs' FLSA minimum wage and overtime claims and thus a full review of all of the typical factors is not required.[6] This is particularly true given the added fact that Plaintiffs' utilized the services of a forensic accountant (Elana Schulman, CPA/CFE) to calculate potential unpaid minimum wage and/or overtime and spreadsheets were prepared based on the written payroll records that were provided to Plaintiffs. *See Stephens v. Mac Business Solutions*, CBD 15-3057, 2016 WL 3977473, *2 n.2 (D. Md. July 25, 2016) (finding a fair and reasonable FLSA settlement, and reviewing wage calculations prepared by Elana Schulman, CPA/CFE). The spreadsheets prepared by Ms. Schulman as to the Plaintiffs' damages are attached as Exhibit 1.

14.     There remains two additional issues requiring the Court's attention: (1) the maintenance of continuing jurisdiction over this case to supervise the settlement payments; and (2) approval of the Attorneys' Fees and Costs.

15.     With respect to the issue of continuing jurisdiction, the parties have agreed to request that the Court maintain continuing jurisdiction over this case to supervise the settlement payments. This provision fulfills the Court's proper supervisory role in assuring that no FLSA case is dismissed absent fair and reasonable wage payment to plaintiff workers. The parties bring to the Court the following paragraph set forth in the Settlement Agreement:

---

[6]     While Defendants have agreed to pay 2x the amount of unpaid wages as calculated by Plaintiffs, Defendants' do not admit to liability. See ¶ 5 of the Settlement Agreement.

**6. CONTINUING JURISDICTION.** The Parties agree, and the Court by its approval of this Agreement agrees, that the Court shall have continuing jurisdiction to enforce the terms of this Agreement, resolve any disputes arising out of the Agreement, and supervise all payments by the Defendants of all consideration to the Plaintiffs and Plaintiffs' counsel. Within fifteen (15) business days after the last payment made to Plaintiffs and Plaintiffs' counsel by Defendants, the Parties agree to file a Notice of Stipulated Dismissal with the Court, dismissing this Lawsuit against the Defendants with prejudice. The Parties further agree to execute and/or have executed by their respective counsel, any such additional documents as may be reasonably necessary to effectuate the dismissal with prejudice of this Lawsuit against the Defendants.

By approving this Settlement Agreement, the Court is agreeing to maintain continuing jurisdiction over this case, and once final payment is made, counsel will so notify the Court and the case shall be dismissed with prejudice. (Appropriate language is set forth in the proposed Order attached hereto to this Motion).

16.    Finally, there remains the issue of Attorneys' Fees and Costs. "[W]here a proposed settlement of FLSA claims includes a provision regarding attorneys' fees, the reasonableness of the award must also 'be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Saman*, 2013 WL 2949047, at *3 (quoting *Lane*, 2011 WL 3880427, at *3); *see also Kianpour*, 2011 WL 5375082, at *3. "In making that assessment, courts typically 'use the principles of the traditional lodestar method as a guide.'" *Lane*, 2011 WL 3880427, at *3 (citation omitted). The lodestar amount is "defined as a reasonable hourly rate multiplied by hours reasonably expended." *Riveros v. WWK Construction, Inc.*, No. PJM 15-193, 2015 WL 5897749, at *4 (D. Md. Oct. 5, 2015) (citation omitted).

17.    Under the Settlement Agreement, Plaintiffs' counsel would receive $26,000.00 for Attorneys' Fees and Costs incurred. *See* Exhibit 3. Both parties submit that attorneys' fees

and costs were negotiated separately and only after a resolution was reached with respect to the Plaintiffs' settlement outcomes.[7] Given the full and uncompromised relief to the Plaintiffs as to their respective minimum wage and overtime claims, and the fact that fees and costs were negotiated separately and secondarily to the Plaintiffs' personal outcome, judicial scrutiny of the amount of fees and costs to be paid is likewise not necessary.[8]

18.     Nevertheless, to the extent that the Court desires to carefully review the proposed fee and cost award for reasonableness, Plaintiffs' counsel submits a Declaration together with a detailed billing statement. *See* Exhibit 3. As detailed in this billing statement, Howard B. Hoffman has worked on Plaintiffs' claims at the hourly rate of $400.00,[9] and has worked 60.8 hours. *See id.* ¶ 4. As detailed in his billing statements (Exh. 3-B), Bradford W. Warbasse has worked on Plaintiffs' claims at the hourly rate of $400.00, and has worked 6.2hours. *See id.* In addition to the above, costs in this case amount to a total of $5,942.91. *See* Exh. 3 ¶ 5. As such, the total amount of attorneys' fees and expenses incurred by Plaintiffs' counsel in this litigation as of October 5, 2017 is approximately $32,622.91 ($26,680.00 in fees and $5,942.9 in expenses). (This will increase as counsel has continuing obligations in this

---

[7]     Defendants agreed to pay 2x the Plaintiffs' losses and a certain amount of attorneys' fees. Additional negotiations took place and the parties agreed on repayment attorneys' fees and costs at a slightly higher amount.
[8]     If a motion demonstrates that a proposed fee award was agreed upon separately and without regard to the amount paid to the Plaintiffs, then unless there is reason to believe that the Plaintiff's recovery was somehow adversely affected by the amount of fees to be paid to the attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to Plaintiffs' counsel. *Kianpour*, 2011 WL 5375082 at *3 (citation omitted) (quotation omitted); see also *Phelps v. Detail USA, Inc.*, 2012 WL 254113, at *2 (M.D. Fla. Jan. 19, 2012) ("[W]hen attorney's fees are negotiated separately from payment to plaintiff(s), 'an in depth analysis [of the reasonableness of the fees] is not necessary unless the unreasonableness is apparent from the face of the documents.'") (citation omitted).
[9]     Mr. Hoffman has eighteen years of relevant legal experience and Mr. Warbasse has nearly 32 years of relevant legal experience. *See* Exh. 3, ¶¶ 4 & 11. The requested hourly rate – $400 an hour – fall within the range specified by Appendix B of the Local Rules for the United States District Court for the District of Maryland and was recently awarded to Hoffman and Warbasse in *Jackson et al. v. Egira, LLC, et al.*, RDB 14-3114, 2016 WL 5815850 (D. Md. Oct. 5, 2016), where the Court overruled objections to the claimed hourly rate of $400. Specifically, L.R. Appendix B provides that an attorney who has been admitted to the bar between fifteen and nineteen years may reasonably charge an hourly rate between $275 and $425 while an attorney who has been admitted to the bar for twenty years or more may reasonably charge an hourly rate between $300 and $475.

case, even if this Settlement Agreement is approved). In light of these figures, the amount of attorneys' fees and costs that Plaintiff's counsel would receive under the Agreement is reasonable under the lodestar evaluation, and in fact represents a substantial reduction and compromise in the amount of attorneys' fees and costs claimed by counsel (a discount of $6,622.91 to be precise).

Wherefore, the parties request that this Court approve the proposed Settlement Agreement, and appropriate to approve of and assist the parties in implementing the terms of the Settlement Agreement.

Respectfully submitted,

_____/s/_____
STEVEN F. WROBEL
*Signed by Howard B. Hoffman with permission of*
*Steven F. Wrobel*
Fed Bar No. 24985
Law Office of Steven Wrobel, LLC
107 Ridgely Ave., Suite 9
Annapolis, MD 21401
410-547-2417
steven@stevenwrobel.com
Attorney for Defendants


_____/s/_____
Howard B. Hoffman, Esq.
Attorney at Law
Fed. Bar. No. 25965
600 Jefferson Plaza, Ste. 304
Rockville, Maryland 20852
301-251-3752
hhoffman@hoholaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of October, 2017, a copy of the foregoing Joint Motion for Approval of FLSA Settlement Agreement, along with all Exhibits and other attachments, was filed via the Electronic Case Filing System (ECF) maintained by the U.S. District Court for the District of Maryland, and is available for viewing and downloading from the ECF system.


                              /s/
                    Howard B. Hoffman