

EXHIBIT
2

### SETTLEMENT AGREEMENT AND FULL AND
### FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims (the "Agreement") is made and entered into this ____ day of September, 2017, by and between Richard Harrison ("Harrison"), Matthew Marshall ("Marshall"), Nikki Estraca ("Estraca"), Jennifer Norris ("Norris"), and Tyler Walker ("Walker") (Harrison, Marshall, Estraca, Norris and Walker are collectively referred to as "Plaintiffs") on the one side, and The Office, LLC d/b/a the Office Bar and Grill ("The Office Bar and Grill") , Sarah Root ("Root") and Frank Kahrs ("Kahrs") (The Office Bar and Grill, Root and Kahrs are collectively referred to as "Defendants"), on the other side. Plaintiffs and Defendants are collectively referred to as the "Parties."

WHEREAS, Plaintiffs have a pending action against Defendants in the United States District Court for the District of Maryland, styled *Harrison, et. al vs. The Office, LLC et.al*, Case No. 17-451-ADC, alleging unpaid wages under the Fair Labor Standards Act (FLSA), the Maryland Wage/Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law (MWPCL) (the "Lawsuit"); and

WHEREAS, Plaintiffs were employed at or worked at Defendant The Office Bar & Grill in Pasadena, Maryland as restaurant servers, bartenders, barbacks, cooks, and shift workers at various times in the three years preceding the filing of the Lawsuit; and

WHEREAS, Defendants have denied any and all allegations of wrongdoing asserted by Plaintiffs; and

WHEREAS, the Parties collectively desire to settle, fully and finally, all differences between them arising from or in any way connected with Plaintiffs' employment or working relationship with Defendants;

NOW, THEREFORE, in consideration of the mutual covenants and promises contained in this Agreement and other good and valuable consideration, and to avoid the unnecessary and/or the further expense of litigation, it is hereby agreed by and between the Parties as follows:

1

| RH | MM | NE | JN | TW | | The Office | SR | FK |

1. CONSIDERATION. In consideration of Plaintiffs' decision to enter into and execute this Agreement, Defendants agrees to pay Plaintiffs, through their counsel, the total sum of Seventy-Seven Thousand, Three Hundred Sixty-six U.S. Dollars and Sixty U.S. Cents ($77,366.60), to settle all claims involving Plaintiffs' Lawsuit, including but not limited to, claims for unpaid minimum wages, unpaid overtime wages, statutory damages, and attorneys' fees and costs.

2. PAYMENTS. Defendants agrees to pay the above settlement amount subject to the following terms and payable as follows:

a. Within five (5) business days of the approval of this Settlement by the United States District Court, Defendants shall make the initial payments ("the first set of payments") to each Plaintiff. Payments shall be made as follows:

    i. To Richard Harrison:  $2,472.22, in two checks payable in U.S. Dollars, one wage check in the amount of One Thousand Two Hundred Thirty Six Dollars and 11/100 Cents Exact ($1,236.11), subject to all applicable government tax withholdings, and the second check in the amount of One Thousand Two Hundred Thirty Six Dollars and 11/100 Cents Exact ($1,236.11).

    ii. To Matthew Marshall: $1,587.84, in two checks payable in U.S. Dollars, one wage check in the amount of Seven Hundred Ninety Three Dollars and 92/100 Cents Exact ($793.92), subject to all applicable government tax withholdings, and the second check in the amount of Seven Hundred Ninety Three Dollars and 92/100 Cents Exact ($793.92).

    iii. To Nikki Estraca: $2,250.68, in two checks payable in U.S. Dollars, one wage check in the amount of One Thousand One Hundred Twenty Five Dollars and 34/100 Cents Exact ($1,125.34), subject to all applicable government tax withholdings, and the second check in the amount of One Thousand One Hundred Twenty Five Dollars and 34/100 Cents Exact ($1,125.34).

    iv. To Jennifer Norris: $3974.68, in two checks payable in U.S. Dollars, one wage check in the amount of One Thousand Nine Eighty Seven Dollars and 34/100 Cents Exact ($1,987.34), subject to all applicable government tax withholdings, and the second check in the amount of One Thousand Nine Eighty Seven Dollars and 34/100 Cents Exact ($1,987.34).

    v. To Tyler Walker: $6836.84, in two checks payable in U.S. Dollars, one wage check in the amount of Three Thousand Four Hundred Eighteen Dollars and 42/100 Cents Exact ($3,418.42), subject to all applicable government tax withholdings, and the second check in the amount of Three Thousand Four Hundred Eighteen Dollars and

2

RH   MM   NE   JN   TW   The Office   SR   FK

42/100 Cents Exact ($3,418.42).

    vi.    To Howard B. Hoffman, Esq., Attorney at Law: Eight Thousand Six Hundred Sixty Six Dollars and 68/100 Cents ($8,666.68).

TOTAL: $25,788.94.

b.   No later than thirty (30) days after the first set of payments, but no later than November 15, 2017 (whichever comes first), Defendants shall make a second set of payments, which shall be made payable as follows:

    i.    To Richard Harrison: $2,472.20, in two checks payable in U.S. Dollars, one wage check in the amount of One Thousand Two Hundred Thirty Six Dollars and 10/100 Cents Exact ($1,236.10), subject to all applicable government tax withholdings, and the second check in the amount of One Thousand Two Hundred Thirty Six Dollars and 10/100 Cents Exact ($1,236.10).

    ii.    To Matthew Marshall: $1,587.82, in two checks payable in U.S. Dollars, one wage check in the amount of Seven Hundred Ninety Three Dollars and 91/100 Cents Exact ($793.91), subject to all applicable government tax withholdings, and the second check in the amount of Seven Hundred Ninety Three Dollars and 91/100 Cents Exact ($793.91).

    iii.    To Nikki Estraca: $2,250.66, in two checks payable in U.S. Dollars, one wage check in the amount of One Thousand One Hundred Twenty Five Dollars and 33/100 Cents Exact ($1,125.33), subject to all applicable government tax withholdings, and the second check in the amount of One Thousand One Hundred Twenty Five Dollars and 33/100 Cents Exact ($1,125.33).

    iv.    To Jennifer Norris: $3974.66, in two checks payable in U.S. Dollars, one wage check in the amount of One Thousand Nine Eighty Seven Dollars and 33/100 Cents Exact ($1,987.33), subject to all applicable government tax withholdings, and the second check in the amount of One Thousand Nine Eighty Seven Dollars and 33/100 Cents Exact ($1,987.33).

    v.    To Tyler Walker: $6836.83, in two checks payable in U.S. Dollars, one wage check in the amount of Three Thousand Four Hundred Eighteen Dollars and 41/100 Cents Exact ($3,418.41), subject to all applicable government tax withholdings, and the second check in the amount of Three Thousand Four Hundred Eighteen Dollars and 42/100 Cents Exact ($3,418.42).

    vi.    To Howard B. Hoffman, Esq., Attorney at Law: Eight Thousand Six Hundred Sixty Six Dollars and 66/100 Cents ($8,666.66).

TOTAL: $25,788.83.

c.   No later than 30 days after the second set of payments have been completed, but no later than December 15, 2017 (whichever comes first), Defendants shall make a third set of payments, which shall be made payable as follows:

NE

3

_____  _____  _____  _____  _____    _____  _____  _____
RH         MM        NE        JN        TW        The Office   SR        FK

    i. To Richard Harrison: $2,472.20, in two checks payable in U.S. Dollars, one wage check in the amount of One Thousand Two Hundred Thirty Six Dollars and 10/100 Cents Exact ($1,236.10), subject to all applicable government tax withholdings, and the second check in the amount of One Thousand Two Hundred Thirty Six Dollars and 10/100 Cents Exact ($1,236.10).

    ii. To Matthew Marshall: $1,587.82, in two checks payable in U.S. Dollars, one wage check in the amount of Seven Hundred Ninety Three Dollars and 91/100 Cents Exact ($793.91), subject to all applicable government tax withholdings, and the second check in the amount of Seven Hundred Ninety Three Dollars and 91/100 Cents Exact ($793.91).

    iii. To Nikki Estraca: $2,250.66, in two checks payable in U.S. Dollars, one wage check in the amount of One Thousand One Hundred Twenty Five Dollars and 33/100 Cents Exact ($1,125.33), subject to all applicable government tax withholdings, and the second check in the amount of One Thousand One Hundred Twenty Five Dollars and 33/100 Cents Exact ($1,125.33).

    iv. To Jennifer Norris: $3974.66, in two checks payable in U.S. Dollars, one wage check in the amount of One Thousand Nine Eighty Seven Dollars and 33/100 Cents Exact ($1,987.33), subject to all applicable government tax withholdings, and the second check in the amount of One Thousand Nine Eighty Seven Dollars and 33/100 Cents Exact ($1,987.33).

    v. To Tyler Walker: $6836.83, in two checks payable in U.S. Dollars, one wage check in the amount of Three Thousand Four Hundred Eighteen Dollars and 41/100 Cents Exact ($3,418.41), subject to all applicable government tax withholdings, and the second check in the amount of Three Thousand Four Hundred Eighteen Dollars and 42/100 Cents Exact ($3,418.42).

    vi. To Howard B. Hoffman, Esq., Attorney at Law: Eight Thousand Six Hundred Sixty Six Dollars and 66/100 Cents ($8,666.66).

TOTAL: $25,788.83.

d. Defendants agree that they will send each of the payments set forth in sub-paragraphs 2(a)-2(c) so that they are received by Howard B. Hoffman, Attorney at Law on or before the day in which the installment is due (unless the day is a weekend or holiday, in which case payment must be received on the first business day following the day in which the installment is due). All payments shall be sent via reliable delivery.

e. For tax purposes, the wage check payments to each Plaintiff shall be treated as wages and the second non-wage check payment shall be treated as liquidated/statutory damages and interest. The wage check shall be paid net of all

applicable employment taxes, including Federal, state and local income tax withholding and employee share of the FICA tax, and shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number on an IRS Form W-2. The second check treated as liquidated damages and interest shall be paid without any withholding and shall be reported to the IRS and the payee under the payee's name and social security number on an IRS Form 1099, box 3. Attorneys' fees and costs paid pursuant to this Settlement Agreement shall be paid without withholding and shall be reported to the IRS under Howard B. Hoffman, Attorney at Law's Federal Employer Identification Number, on an IRS Form 1099, box 14, for the year in which it was paid.

f.  So that the Defendants may issue an IRS Forms W-2 and 1099 for 2017 reflecting all payments made under this Settlement Agreement, both Howard B. Hoffman, Esquire and each of the Plaintiffs shall provide Defendants' counsel, Steven Wrobel, Esq., at the time that each Plaintiff executes this Settlement Agreement, an executed IRS Form W-4 and IRS Form W-9 which shall accurately provide their taxpayer identification numbers.

g.  Plaintiffs understand and agree that each of them shall be responsible for the payment of any and all taxes due with respect to any payments under this Agreement, excepting the employer sided withholdings. Defendants shall be responsible for timely reporting to all proper tax authorities all payments made pursuant to this Agreement, and timely remitting to all proper tax authorities all payroll taxes and withholdings deducted pursuant to this Agreement, including employer portion of payroll taxes on W-2 wages (it being the intent of the Parties and this Agreement that all payroll taxes deducted from Plaintiffs' unpaid wages shall be paid and remitted to tax authorities, as required by law), and shall timely provide Plaintiffs' an IRS Form W-2 and IRS Form 1099 representing Defendants' respective payments to the Plaintiffs and proof of same shall be provided to Plaintiffs' counsel upon request.

h.  Plaintiffs agree that Defendants have paid all sums earned by and owed to them, including, but not limited to, all salary, tips, bonuses, wages, commissions, overtime, business expenses, allowances, vacation pay, holiday pay, sick pay and other benefits and perquisites

NE

5

| RH | MM | NE | JN | TW | The Office | SR | FK |

as a result of their employment with Defendants and/or their separation from such employment, and further acknowledges that the payments under this paragraph 2 are in full payment of anything of value to which they would be entitled under any policy, plan or procedure of Defendants. Plaintiffs also expressly waive any right or claim that they may have or may assert to employment or reinstatement to employment, or to payment for salary, back pay, front pay, interest, bonuses, damages, accrued vacation, accrued sick leave, accrued personal days, medical, dental, optical or hospitalization benefits, pension plan contributions, thrift savings plan contributions or benefits, education benefits, life insurance benefits, overtime, compensatory time, outplacement, severance pay, attorneys' fees, disbursements and/or costs.

3. FULL AND FINAL RELEASE. Except for Defendants' obligations under this Agreement, in consideration for the payments being provided to Plaintiffs and their counsel by Defendants, Plaintiffs Harrison, Marshall, Estraca, Norris and Walker for themselves, both individually and collectively, and for Plaintiffs' attorneys, heirs, executors, administrators, successors and assigns, fully, finally and forever waives, releases and discharges the Defendants The Office, Root, and Kahrs, both collectively and individually, including, as applicable, all their heirs, executors, administrators, parent, subsidiary and/or affiliated companies, as well as their successors, assigns, officers, owners, directors, agents, representatives, attorneys, and employees (all of whom are referred to throughout this Agreement as "the Releasees"), of and from all claims, demands, actions, causes of action, suits, damages, losses, and expenses, of any and every nature whatsoever, known or unknown, as a result of actions or omissions occurring from the beginning of time through the effective date of this Agreement. Without limiting the generality of the foregoing, specifically included in this waiver and release are, among other things, any and all claims of alleged retaliation, either as a result of the Defendants' termination of Plaintiffs' employment or otherwise, any and all claims alleging wrongful termination, the failure to pay wages (including the minimum wage), the improper pooling of tips, the improper taking of a tip credit, the failure to pay overtime, retaliatory discharge, discrimination, harassment or retaliation in employment on the basis of race, color, sex, religion, national origin, age, disability, handicap, marital status, or any other category protected by applicable federal, state or local law, and/or the violation of any rights under: the ADEA; Title VII of the Civil Rights Act of 1964; the Civil Rights Acts of 1866 and

NE

6

RH ___ MM ___ NE ___ JN ___ TW ___     The Office ___ SR ___ FK ___

1871; the Civil Rights Act of 1991; the Equal Pay Act; the Americans with Disabilities Act; the Family and Medical Leave Act; the Fair Labor Standards Act; the Employee Retirement Income Security Act of 1974; the National Labor Relations Act; the Immigration Reform and Control Act of 1986; the Occupational Safety and Health Act; the Fair Credit Reporting Act; the Sarbanes-Oxley Act of 2002; the Maryland Wage and Hour Law; and the Maryland Wage Payment Collection Law; or any other federal, state or local laws or regulations prohibiting employment discrimination or regulating employment, the payment of wages or the termination of employment in any way, negligent or intentional infliction of emotional distress, breach of contract, fraud, or any other unlawful behavior, the existence of which is specifically denied by the Defendants. This Agreement does not bar Plaintiffs from bringing an action to enforce the terms of this Agreement in the event of default.

a. This Release further includes any and all claims for damages, penalties, attorneys' fees or costs relating to or in any way connected with the matters referred to herein, whether or not now known or suspected to exist, and whether or not specifically or particularly described or referred to herein.

b. Plaintiffs expressly waives any right to assert hereafter that any claim has, through ignorance, oversight or error, been omitted from the terms of this Agreement.

c. Plaintiffs represents that they have not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, any claim, whether known or unknown, or any portion thereof or interest therein, which they had, have or may have against Releasees.

4. NO OTHER CLAIMS. Plaintiffs hereby represent and warrant that Plaintiffs have not filed, nor assigned to others the right to file, nor are there currently pending, any complaints or lawsuits against the Defendants with any other court than the one set forth herein, and Plaintiffs hereby promise that Plaintiffs will not file, or assign to others the right to file, or make any further claims against the Defendants or others, at any time for actions taken up to and including the date Plaintiffs execute this Agreement.  Plaintiffs waive all collective and/or class allegations and otherwise withdraws and dismisses same with prejudice, and neither Plaintiffs, nor any of their attorneys, shall file a lawsuit or otherwise file pleadings, motions or papers, related to this Claim. Notwithstanding the foregoing, nothing in this Agreement prevents Plaintiffs from participating in an investigation or proceeding conducted by any federal, state or local agency charged with the enforcement of any employment laws, although by signing this release Plaintiffs do hereby waive any right or claim to individual relief based on claims asserted in such a charge or complaint.

7

_____   _____   _____   _____   _____         _____   _____   _____
RH                    MM                    NE                     JN                      TW                           The Office    SR                   FK

5. NON-ADMISSION OF LIABILITY OR WRONGFUL CONDUCT. This Agreement shall not be construed as an admission by the Defendants of any liability or acts of wrongdoing, nor shall it be considered to be evidence of such liability or wrongdoing. Defendants do not admit, and specifically deny, any liability to Plaintiffs, and any wrongdoing or violation of any law, statute, regulation, agreement or policy, and Defendants are entering into this Agreement and providing the payments and benefits set forth herein solely for the purpose of avoiding the burdens and expenses of further litigation, including the characterization of a part of the payment as liquidated or other damages. The Parties acknowledge and agree that no judgment has been entered as to any findings of liability or wrongdoing of any kind by Defendants, nor have any such findings of liability or wrongdoing been made by any court of law or administrative agency.

6. CONTINUING JURISDICTION. The Parties agree, and the Court by its approval of this Agreement agrees, that the Court shall have continuing jurisdiction to enforce the terms of this Agreement, resolve any disputes arising out of the Agreement, and supervise all payments by the Defendants of all consideration to the Plaintiffs and Plaintiffs' counsel. Within fifteen (15) business days after the last payment made to Plaintiffs and Plaintiffs' counsel by Defendants, the Parties agree to file a Notice of Stipulated Dismissal with the Court, dismissing this Lawsuit against the Defendants with prejudice. The Parties further agree to execute and/or have executed by their respective counsel, any such additional documents as may be reasonably necessary to effectuate the dismissal with prejudice of this Lawsuit against the Defendants.

7. GOVERNING LAW. This Agreement is to be interpreted, enforced, and governed by and under the laws of Maryland, without giving effect to the conflict of laws rules and principles thereof.

8. SOLE AND ENTIRE AGREEMENT. This Agreement sets forth the entire agreement between the Parties. Any prior agreements between or directly involving the Parties to the Agreement are superseded by the terms of this Agreement and thus are rendered null and void.

8

| RH | MM | NE | JN | TW | | The Office | SR | FK |

9. NO OTHER PROMISES. Plaintiffs affirm that the only consideration for Plaintiffs signing this Agreement is that set forth in Paragraphs 1 and 2 and that no other promise or agreement of any kind has been made to or with Plaintiffs by any person or entity to persuade or cause Plaintiffs to execute this document, and that Plaintiffs fully understand the meaning and intent of this Agreement, including but not limited to, its final and binding effect.

10. LEGALLY BINDING AGREEMENT. Plaintiffs understands and acknowledge (a) that this is a legally binding release; (b) that by signing this Agreement, Plaintiffs are hereafter barred from instituting claims against any of the Releasees or Defendants in the manner and to the extent set forth in Paragraph 3 and Paragraph 4 above; and (c) that this Agreement is final and binding. This Agreement shall be binding upon and inure to the benefit of Defendants and Plaintiffs and their respective heirs, attorneys, administrators, representatives, executors, successors and assigns.

11. CONSTRUCTION. This Agreement shall not be construed against the party preparing it, but shall be construed as if all Parties jointly prepared this Agreement and any uncertainty and ambiguity shall not be interpreted against any one party.

12. HEADINGS. The headings or titles of the paragraphs contained herein are for guidance purposes only and have no force or effect, nor do they in any way alter the terms or meaning of this Agreement.

13. AGREEMENT IS KNOWING AND VOLUNTARY. Plaintiffs further represents and acknowledges that none of the Releasees have made any representations, statements, promises, inducements, threats or suggestions to influence her to sign this Agreement, except those statements which are expressly set forth herein. Plaintiffs and Defendants both acknowledge that they have had the assistance and advice of counsel in this matter and are entering into this Agreement fully advised of their respective rights and obligations under this Agreement.

14. ELECTRONIC SIGNATURES/COUNTER-PARTS. Defendants and Plaintiffs agree that this Agreement may be executed in counterparts, each of which shall be deemed an original, but such counterparts shall together constitute one and the same agreement. The signature and execution of this Agreement by any of the parties may be evidenced by facsimile, photocopy, or electronic

9

RH ___  MM ___  NE ___  JN ___  TW ___     The Office ___  SR ___  FK ___

transmission and such signature and execution shall be deemed to constitute the original signature of the party. Signatures (and initials) may be made and delivered electronically to the fullest extent permitted under the Maryland Uniform Electronic Transactions Act, Md. Ann. Commercial Law § 21-101, et seq.

*PLEASE READ THIS DOCUMENT CAREFULLY. THIS
AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.*

*Signature Page Follows:*

NE

10

| RH | MM | NE | JN | TW | | The Office | SR | FK |

DocuSign Envelope ID: C80231E2-69A9-4EBF-9D39-4B5F880DAA51

| Date: | PLAINTIFFS |
|---|---|
| 9/29/2017 | *Richard Harrison* (DocuSigned by)<br>— CDC7B19B8E0C4B3...<br>Richard Harrison |
| | _____<br>Matthew Marshall |
| | _____<br>Nikki Estraca |
| | _____<br>Jennifer Norris |
| | _____<br>Tyler Walker |
| Date: | DEFENDANTS |
| | For: The Office LLC d/b/a The Office Bar and Grill |
| | By:_____ |
| | Name:_____ |
| | Title: _____ |
| | _____<br>Sarah Root |
| | _____<br>Frank Kahrs |

RH      MM      NE      JN      TW              The Office  SR      FK

DocuSign Envelope ID: 2AA69F5F-989D-4C31-8466-E815AADA49C1

| Date:<br><br>9/29/2017 | PLAINTIFFS<br><br>_____<br>Richard Harrison<br><br>*signature*<br>_____<br>Matthew Marshall<br><br>_____<br>Nikki Estraca<br><br>_____<br>Jennifer Norris<br><br>_____<br>Tyler Walker |
|---|---|
| Date: | DEFENDANTS<br><br>For: The Office LLC d/b/a The Office Bar and Grill<br><br>By:_____<br><br>Name: _____<br><br>Title: _____<br><br>_____<br>Sarah Root<br><br>_____<br>Frank Kahrs |

11

| RH | MM | NE | JN | TW | | The Office | SR | FK |
|---|---|---|---|---|---|---|---|---|

| Date: 10/1/2017 | PLAINTIFFS |
|---|---|
| | _____ <br> Richard Harrison <br><br> _____ <br> Matthew Marshall <br><br> *Nikki Estraca* <br> _____ <br> Nikki Estraca <br><br> _____ <br> Jennifer Norris <br><br> _____ <br> Tyler Walker |
| Date: | DEFENDANTS <br><br> For: The Office LLC d/b/a The Office Bar and Grill <br><br> By:_____ <br><br> Name: _____ <br><br> Title: _____ <br><br> _____ <br> Sarah Root <br><br> _____ <br> Frank Kahrs |

____    ____    ____    ____    ____        ____    ____    ____
RH      MM      NE      JN      TW          The Office   SR      FK

DocuSign Envelope ID: 63E14F76-593C-4D8A-8F88-4D06E07AD9A7

| Date: | PLAINTIFFS |
|---|---|
| 9/29/2017 | _____<br>Richard Harrison |
| | _____<br>Matthew Marshall |
| | _____<br>Nikki Estraca |
| | _____<br>Jennifer Norris |
| | _____<br>Tyler Walker |
| Date: | DEFENDANTS<br><br>For: The Office LLC d/b/a The Office Bar and Grill<br><br>By:_____<br><br>Name:_____<br><br>Title: _____<br><br>_____<br>Sarah Root<br><br>_____<br>Frank Kahrs |

11

RH        MM        NE        JN        TW        The Office  SR        FK

DocuSign Envelope ID: 45F138EF-13F9-474D-AB1A-3BA0856DC17B

| Date: 9/29/2017 | **PLAINTIFFS** |
| --- | --- |
| | _____ <br> Richard Harrison <br><br> _____ <br> Matthew Marshall <br><br> _____ <br> Nikki Estraca <br><br> _____ <br> Jennifer Norris <br><br> _____ <br> Tyler Walker |
| Date: | **DEFENDANTS** <br><br> For: The Office LLC d/b/a The Office Bar and Grill <br><br> By: _____ <br><br> Name: _____ <br><br> Title: _____ <br><br> _____ <br> Sarah Root <br><br> _____ <br> Frank Kahrs |

11

RH _____ MM _____ NE _____ JN _____ TW _____          The Office SR _____ FK _____

By: _Sarah Root_

Name: _Sarah Root_

Title: _Manager_

_Sarah Root_

Sarah Root

_Frank Kahrs_

Frank Kahrs

11

| RH | MM | NE | JN | TW | The Office | SR | FK |